117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DUANE POOLE, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Does 1-10, Defendants-Appellees.
 No. 96-56534.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-07087-DT; Dickran M. Tevrizian, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Duane Poole appeals the district court's order granting summary judgment in his diversity action alleging breach of contract and bad faith rejection of his claim under his earthquake policy with State Farm Fire and Casualty Company ("State Farm"). The district court concluded that Poole's suit was time barred under the policy's one-year time limit provision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo to
 
 
 3
 We conclude that summary judgment was appropriate. It is undisputed that within a month after the earthquake, Poole knew that the earthquake had caused cracks in the living room, dining room and office walls and ceilings, a small crack in the laundry room ceiling, hairline cracks in the stonework around the swimming pool, and a small separation of the porch from the house. Poole was obligated to file any action against State Farm within one year after he knew this appreciable damage occurred, not within one year after he knew that the damage exceeded his deductible. Cf. Prudential-LMI, 798 P.2d at 1238 (denying summary judgment where action involved progressive property damage over several years and successive insurers); Tomaselli v. Transamerica Ins. Co., 31 Cal.Rptr.2d 433, 439-40 (Cal.Ct.App.1994) (upholding jury verdict awarding damages in action for breach of contract and bad faith where plaintiffs filed suit more than one year after noticing crack in house slab, because damage was caused by ongoing fill settlement process occurring over several years and, thus, plaintiffs reasonably were not aware of full extent of damage for one-year suit period to commence).
 
 
 4
 Neither the policy of the California Supreme Court nor any other authority supports Poole's proposition that the notification duty arises only when the damage exceeds the deductible. Consequently, we affirm. See Tzung, 873 F.2d at 1339-40.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Appellant's request for oral argument is therefore denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3